IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARIE-JOSEE GRIMARD, etc.,   )
                             )
       Plaintiff,            )
                             )
   v.                        )    No.  13 C 6197
                             )
MONTREAL, MAINE AND ATLANTIC )
RAILWAY, INC., et al.,       )
                             )
       Defendants.           )

MEMORANDUM OPINION AND ORDER

This action has been removed from the Circuit Court of Cook County to this District Court, with the Joint Notice of Removal ("Notice") seeking to invoke federal jurisdiction on the basis of (1) the action's assertedly "being related to cases under Title XI" (see 28 U.S.C. §§1334(b) and 1452(a)[1]) as well as (2) diversity of citizenship pursuant to Section 1332.  This memorandum order has been issued sua sponte to address the highly problematic aspects of the attempted removal.

But before that subject is addressed, it must be noted that the removing counsel have failed to conform to the mandate of this District Court's LR 5.2(f), which requires the delivery of a Judge's Copy of every filing to the chambers of the assigned judge unless that judge has indicated that such delivery is not

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

needed.[2]

With the two removing defendants being represented by one of the country's mega-law firms, there is just no excuse for this Court's first direct knowledge of this action having come from receiving the consents by four other codefendants (Dkt. Nos. 4 and 9) to the removal, rather than receiving the Notice itself from the originating law firm (shades of the old Johnny Carson "Carnac the Magnificent" routine: "Here's the answer. What's the question?"). As it has done in numerous other cases, this Court imposes a $100 fine on the removing counsel (not their clients) for that LR violation, with the "Clerk of the U.S. District Court" to be the payee of a check for that amount delivered to this Court's chambers.

To shift to more substantive matters, the Notice's asserted bankruptcy-related predicate for federal subject matter jurisdiction stems from the fact that in early August the first named defendant, Montreal, Maine and Atlantic Railway, Inc., filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the District Court of Maine (Notice ¶4). For present purposes it can be assumed without

---

[2] Because a number of this Court's colleagues prefer not to maintain chambers files that contain paper copies of filings (an understandable choice since the advent of electronic filing), knowledgeable counsel check the judicial websites to determine each judge's preference. This Court's website confirms--indeed emphasizes--its insistence on literal compliance with LR 5.2(f).

deciding that such filing brings Section 1334(b) and 1452(a) into play, for the latter provision contains the unusual provision that following removal this Court "may remand such claim or cause of action on any equitable ground."[3] That provision has special significance here, for the ensuing discussion reveals the suspect nature of the removing defendants' claimed alternative reliance on the diversity branch of federal jurisdiction.

To turn, then, to that proposed invocation of diversity jurisdiction, the Notice's parsing of the citizenship of the numerous defendants, many of them being limited liability companies, does confirm the requisite diversity of citizenship when lined up against plaintiff "Marie-Josee Grimard, As Special Administrator of the Estate of Henriette LaTulippe, Deceased."[4] But as to the Complaint's two Illinois citizen defendants, whose presence could bar removal under Section 1441(b)(2), Notice ¶20 says only this:

> The citizenship of Defendants Rail World, Inc. and Edward Burkhardt shall not be considered for purposes of determining diversity jurisdiction, as these are

---

[3] Moreover, any such decision is expressly made nonreviewable by appeal or otherwise (a provision that parallels the better-known provision of Section 1447(d) as to remand orders as a generic matter).

[4] There are a few places where the Notice's diversity roadmap (Notice ¶¶12-19) contains mistaken cross-references to other Notice paragraphs. But this Court's vetting of the relevant assertions as to each defendant (including those limited liability companies) has confirmed the existence of the requisite total diversity.

3

> fraudulently joined defendants. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)("[T]his right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.").

This Court has reviewed Complaint Counts II and III, which charge each of those defendants with "wrongful Death-Negligence," and it finds that counsel's unsupported ipse dixit characterization of those defendants as "fraudulently joined" is highly dubious. To cite the 90-plus-year-old Supreme Court decision in the Wilson case as authority, where it refers to "a resident defendant having no real connection with the controversy," really distorts the common-sense meaning of that phrase.[5]

With that "fraudulent joinder" contention out of the way (at least as a matter of pleading), the two forum defendants must be considered as in the case for purposes of the removal analysis. And in that respect, what the case docket reveals is troublesome indeed. It shows that the Notice was electronically filed at 9:53 p.m. last Thursday, August 29 (Dkt. No. 1) and that Illinois-citizen defendants Burkhardt and Rail World, Inc. filed their consent to and joinder in the removal (Dkt. No. 3) just 12 minutes later! If the removing defendants hope or expect to have

---

[5] This should not be misunderstood as an ultimate ruling on the subject--it rather reflects this Court's threshold reaction to Notice ¶20's totally unsupported assertion, which is in direct conflict with the Complaint's plausible allegations (that is, plausible in the Twombly-Iqbal sense).

4

that sequence treated substantively as anything other than contemporaneous action for purposes of Section 1441(b)(2), this Court puts them on notice that any such gamesmanship (or game playing) will not be countenanced here.

That poses, as the next issue, the question as to the effect of the presence of those two defendants under the last cited section. In that regard our Court of Appeals joined the "overwhelming weight of authority" back in the year 2000 in Hurley v. Motor Coach Indus., Inc., 222 F.3d 377, 379 (7th Cir. 2000) in holding that forum defendant rule to be nonjurisdictional. Indeed, only the Eighth Circuit remains out of phase in that respect, having most recently reconfirmed in Horton v. Conklin, 431 F.3d 602, 605 (8th Cir. 2005) its view that a violation of the forum defendant rule is a jurisdictional defect.[6]

Although an asserted violation of the forum defendant provision of Section 1442(b)(2) is thus not a jurisdictional flaw, this Court sees no justification--given all of the

---

[6] With the Supreme Court having denied certiorari in Horton, thus declining the opportunity to provide a definitive ruling on the subject, it is unsurprising that the question continues to provide grist for the law reviews' mill--see, e.g., Jordan Bailey, Giving State Courts the Ol' Slip: Should a Defendant Be Allowed to Remove an Otherwise Irremovable Case to Federal Court Solely Because Removal Was Made Before Any Defendant is Served? (42 Tex. Tech L. Rev. 181 (2009) and Theodore Metzler, Jr., A Lively Debate: The Eighth Circuit and the Forum Defendant Rule, 36 Wm. Mitchell L. Rev. 1638 (2010).

circumstances described here in some detail--for treating the "properly joined and served" language of that section as permitting the removal in this instance, yet as somehow trumping the plaintiff's ability to invoke the very purpose for which the forum defendant rule was adopted to begin with.  Other District Courts have ordered remand post-removal when service on the forum defendant takes place thereafter (for an example of cases upholding remand in that situation, see the opinion of this Court's colleague Judge Joan Lefkow in Vivas v. Boeing Co., 486 F.Supp.2d 726, 734 (N.D. Ill. 2007)).  That same result can well be reached here in a fortiori terms.

   Because of the nonjurisdictional nature of the forum defendant rule, of course this Court cannot now issue a sua sponte remand order.  But plaintiff's counsel has the opportunity under Section 1447(c) to move for remand within 30 days after the August 29 filing of the Notice.  Because of that possibility, counsel for the removing defendants and for any other defendants that have consented to or joined in the removal would do well to consider filing, within the same time frame, any submissions in support of this Court's retention of the case.

_____
                              Milton I. Shadur
                              Senior United States District Judge

Date:  September 5, 2013